IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAAIB WITHERSPOON, :
:
    Petitioner : CIVIL NO. 3:CV-17-1829
:
  v. : (Judge Conaboy)
:
WARDEN SPAULDING, :
:
    Respondent :

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Raaib Witherspoon, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood). Named as Respondent is FCI-Allenwood Warden Spaulding. The required filing fee has been paid.

Petitioner entered a guilty plea to a charge of possession of a firearm by a convicted felon in the United States District Court for the Eastern District of Pennsylvania. See United States v. Witherspoon, No. 2:11-cr-445. Witherspoon was thereafter sentenced on September 26, 2013 as a career offender to a one hundred and eighty (180) month term of imprisonment.[1]

---

[1] Witherspoon indicates that prior Pennsylvania state drug convictions were used as predicate offenses to designate him as being a career offender. See Doc. 2, p. 1.

1

There is no indication by Petitioner that he filed a direct appeal. See Doc. 1, ¶ 7. However, Witherspoon acknowledges that he previously filed a petition for relief pursuant to 28 U.S.C. § 2255 with the sentencing court. His § 2255 petition is described as alleging improper sentence enhancement because one of the predicate prior state convictions underlying the enhancement had been vacated. See id., ¶ 10. Petitioner's § 2255 action was denied by the Eastern District of Pennsylvania on October 27, 2015. Specifically, the Eastern District concluded that although Petitioner's state court conviction had been vacated it was only one of five prior offenses used to find that Petitioner was a career criminal and as such the validity of Witherspoon's sentence was not affected since the enhancement only required three predicate offenses. See Witherspoon, No. 2:11-cr-445, Doc. 37, p. 11.

In his pending action, Parker claims that he is entitled to federal habeas corpus relief because he was improperly sentenced as a career offender under the standards announced in Mathis v. United States, ___ U.S. ___, 136 S. Ct 2243 (2016). See id. at ¶ 13. Petitioner contends that a Pennsylvania state drug conviction was improperly used as a predicate offense in designating him as a career offender. Based upon the nature of Witherspoon's allegation, his action will be construed as challenging the legality of his federal sentence.

2

**Discussion**

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks

3

to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

4

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

Petitioner's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Witherspoon's action only challenges his sentence enhancement. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

5

Petitioner is clearly challenging the validity of his sentence enhancement which was imposed by the Eastern District of Pennsylvania. Thus, he must do so by following the requirements of § 2255. Witherspoon indicates that his pending argument was not previously raised because <u>Mathis</u> was only recently announced.

However, Witherspoon has not shown that he was unable to present his claims in a successive § 2255 proceeding or that they are based upon any newly discovered evidence. Second, it has been recognized that challenges to career offender status are not properly raised under § 2241. See <u>Thomas v. Warden, Fort Dix</u>, No. 17-2502, 2017 WL 2225574 *2 (D.N.J. May 19, 2017).

Courts within this circuit have also concluded that <u>Mathis</u> has not been found to apply retroactively to cases on collateral review by the Supreme Court. See <u>United States v. Villella</u>, No. 16-544, 2017 WL 1519548 *6 (W.D. Pa. April 27, 2017).

Clearly, Witherspoon's' pending claim does not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57 (3d Cir. April 2009); <u>Wyatt v. Warden Fort Dix</u>, No. 17-1335, 2017 WL 1367239 *2

(D.N.J. April 10, 2017)(Mathis based sentencing enhancement claim not properly asserted under § 2241).[2]

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's sentencing enhancement, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a second or successive § 2255 action. An appropriate order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 5, 2017

---

[2] Moreover, even if the challenged conviction was improperly counted as a predicate offense, it appears that based upon the Eastern District prior rulings that Petitioner's sentence enhancement under 18 U. S. C. § 922(g) would still be proper since it would still be supported by three previous convictions.